An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES BURKE WHOLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67279

FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of child abuse causing substantial bodily harm. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Charles Burke Wholey argues that the district court erred by denying his motion to suppress his statements to a detective on the grounds that they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). In particular, he contends that the detective continued to interrogate him after he requested counsel. Pursuant to *Edwards v. Arizona*, when a suspect invokes his right to counsel under *Miranda*, he cannot be subjected to continued interrogation and questioning must cease until counsel has been made available to him, unless the suspect initiates subsequent communication. 451 U.S. 477, 484-85 (1981). The determination of whether a defendant unambiguously requested counsel is made on an objective basis. *See Davis v. United States*, 512 U.S. 452, 459 (1994); *Harte v. State*, 116 Nev. 1054, 1066, 13 P.3d 420, 428 (2000). We review "'the district court's factual finding concerning the words a defendant used to invoke the right to counsel' for clear error, and '[w]hether those words actually invoked the right to counsel' de novo." *Carter v. State*, 129 Nev., Adv. Op. 26, 299 P.3d 367, 370

15-36019

(2013) (quoting *United States v. Ogbuehi*, 18 F.3d 807, 813 (9th Cir. 1994)).

Here, the evidence shows that appellant understood his *Miranda* rights and after a period of questioning, he commented, "I spanked [the victim], hit him, whatever, call it what you will. [The victim's family], they have the option to do what exactly. Or should I just end it now, and I need to talk to a lawyer." Shortly thereafter, the detective reminded appellant that he had the right to speak to an attorney. After a brief discussion, appellant stated, "Maybe I need to talk to a lawyer instead of you right now because they could help me out more." The detective asked appellant if he wished to continue the interview. After appellant continued to speak, the detective again asked appellant if he wished to continue the interview, to which appellant responded that he did. Considering the context of the exchanges between appellant and the detective, we conclude that appellant's references to an attorney were ambiguous and not an unequivocal invocation of his right to counsel. Therefore the district court did not err by denying appellant's motion to suppress. Moreover, any error in admitting appellant's statement was harmless considering the overwhelming evidence supporting his guilt. *See Arizona v. Fulminante*, 499 U.S. 279, 295-96 (1991) (concluding that admission of a statement obtained in violation of *Miranda* is subject to harmless-error review).

Appellant next argues that the district court erred by rejecting several defense instructions that constituted the defense's theory of the case. In this, he asserts that the district court's desire to instruct "neutrally" and avoid "advocacy-themed" instructions is "contrary to this Court's case law regarding defense theory of the case instructions."

Although appellant identifies the proffered instructions at issue, he does not sufficiently explain why the denial of his proposed instructions was erroneous in light of the other instructions given and applicable legal authority or how any error prejudiced him. Consequently, we conclude that no relief is warranted in this regard. *See* NRS 178.598; *Rhyne v. State*, 118 Nev. 1, 13, 38 P.3d 163, 171 (2002).

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.        _____, J.
Douglas                                            Cherry

cc:    Hon. David A. Hardy, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk